22-745 United States of America v. Rufus Dantzler Please take whatever time you need to settle into your tables and get your Good morning, your honors. My name is Michael Bacharach. I represent the appellate Rufus Dantzler. This case boils down to the following language, and I quote, we know what happened in recent times, and to your point, counsel, during COVID times, the proliferation of firearms on the street has really hurt our community. And accordingly, in my view, that really needs to be taken into account, end quote. Question for this court, your honor, is whether or not the district court erred in sentencing the defendant based upon the proliferation of guns during COVID times, when one, the defendant's conduct occurred in 2017, three years before COVID, and two, the defendant was actually incarcerated during the entirety of the COVID times. Therefore, he could not have in any way participated or engaged or aided in a better in any way assisted those that proliferation of gun violence. Can I just ask you a hypothetical question that is pretty far afield? Let's say that there is someone who commits a crime, say five years ago, that at the time it was committed wouldn't particularly be very dangerous to the public. Let's say he was someone who liked to go around and sneeze on other people, whatever. Let's assume in some way that became a crime. By the time it comes around to sentencing, the judge is concerned about recidivism, very concerned that this is someone who's going to repeat that crime. And it turns out at the time of sentencing, there is a pandemic going around and it has been proven scientifically that sneezing on other people will probably cause everyone to die. Except my hypothetical, as extreme as it might be. Would it not be appropriate for the court to consider present state of affairs in the world when determining what is the danger currently or in the future presented by the defendant given the change in circumstances in the world? It's a difficult hypothetical, Your Honor. That's why I asked. I would say, Your Honor, that if a court is going to do that, the court has to evaluate whether the defendant understands the change in circumstances that occurs so that the defendant would, in fact, still be as cavalier about sneezing without a mask on as he would then, as he would today. Here in this case, it was clear the defendant had learned considerably from COVID times. Part of the defendant's submission was, in was mitigating factor, mitigation support of a lesser sentence. Because he had learned during this time, he had received a sentence much harsher than he'd ever expected to receive. He had lost numerous family members during this period of time. And he had changed. He wasn't the same person that he was five years earlier. Could you explain to me the link? I think I understand the concept. Explain to me the link between him, for example, losing family members and suffering by virtue of COVID and the, I suppose you're arguing, the reduced likelihood he would engage in future gun violence. Because I don't see that as an obvious link. Well, the link is the lessons learned. The loss that he received by being in jail over five periods, by this point, five years in jail, specifically under extreme conditions of confinement over those last two years, including the loss of And to your hypothetical, Your Honor, did he learn from all that surrounded him over this period of time so that he wouldn't act in the same way again? And in this case, defense counsel's argument was the lessons he learned, the struggles that he faced out of during COVID times, were the very reasons why he wouldn't recidivate. The very reasons why he wasn't the same person he was before. So, go ahead. Well, I have one, I'll let you ask one follow-up and then defer to my colleague. Is your argument, though, analytically different from what I thought it might be? I was starting with what I thought your premise was, which was that it was impermissible for the sentencing judge to think about the current state of the world when sentencing, because that was not the state of the world at the time he committed the crime. What I think I'm hearing from you is a different argument. I think you may have articulated it in this way, that if she's going to do that, she needed to explain why. And I guess you had a second part, which was, and on the facts here, he had clearly learned his lesson and it was inappropriate, I suppose, to extrapolate from the facts that the change in external circumstances would justify the sentence given here. Is that fair? I think that's fair and, you know, I think it comes out more in my reply brief than in my opening brief. So, the government cited a case, and I'm blanking on the name of the case at the moment, but it was a case where the court had taken the rise in violence in Chicago into effect. And the distinction I made there, which is similar to the distinction I'm making here, is that context matters. The question I had was, how does the role with non-compliance with supervision fit into any of this? Like, this is something that I think you are not disputing, that if that would have been all that the judge had said, we would not be here. Is that correct? That's correct, Your Honor. Okay, so what is the argument then that you are making, that this extended the time, or what? Well, Your Honor, for purposes of procedural reasonableness, that aspect of the argument, for procedural reasonableness, you can have proper fact, proper sentencing factors that would survive on their own. But if there's an improper sentencing factor, the sentence becomes procedurally unreasonable. So, to take your example, Your Honor, yes, the type of offense, the fact that he had re-offended many times, certainly that is a proper consideration. But the reason why the sentence nonetheless becomes unreasonable is the moment the court enters, joins that decision-making with an improper purpose. Right, but you're not making the standard for procedural error being plain, right? It's not that plain, it didn't affect substantial rights, it doesn't affect the fairness, integrity of the judicial proceedings. Like, how does that all work? Well, first, Your Honor, I'm arguing that it's abuse of discretion, because I'm arguing that by raising COVID as a mitigating factor for the court to then turn around and use COVID in the opposite way, that's sufficient to have preserved COVID as the issue for purposes of appeals, that plain error isn't true. I totally understand that that's also what's swarming around here. But assuming plain error. I'm not sure that I agree that it's abuse of discretion, but if I did, like, why is that an abuse of discretion? It's an abuse of discretion, under United States v. Park, Your Honor, it's an abuse of discretion or even plain error anytime the sentencing court considers impermissible factors, factors that are not part of 18 U.S.C. Section 3553A, as amended by 3583, blanking on subsection. And in this case, considering factors that were unrelated to the defendant, that he did not participate on, that took place after he, after his original conduct, at a time when he couldn't have participated or even impacted on it, that's an impermissible factor, Your Honor. So under either standard, under abuse of discretion or under plain error, the court was relying upon a factor that, quite frankly, it should not have in the context of this case. And that would survive either standard. My question is, getting back to the point that Judge Nardini raised with you in your argument that if the judge was going to rely on COVID, the judge should have explained why. Didn't the judge explain why? Didn't the, when you read the entirety of the statement, the judge is saying you are noncompliant. So I guess this also raises the issue raised by Judge Perez, which is the judge tied the current status of the increase in the proliferation of guns with his particular record of continually violating, including after having a sentence for violation of supervised release for possession of one day, time served. So how is that not explaining how the particular current status of the world relates to this particular defendant's history and record? Because it's ignoring the arguments as to how this particular defendant has been impacted by COVID and how he's changed. And it's relying upon. I'm sorry, counsel. Is it ignoring or is it simply not finding them persuasive? I mean, you don't have to list every argument that is made to you if you're rejecting them, right? In the summary, when a judge imposed a sentence, you're going to talk about, well, and these are the factors I found persuasive. And maybe there were some things the government said in support of a long sentence that the judge didn't mention. And maybe that's because she didn't find it persuasive. But I mean, we're not, we presume that a judge has listened carefully to the arguments of both parties and consider them. But we don't require them. I think the phrase is to engage in robotic incantations and saying, and now let me list the 15 other arguments the parties made that I don't find persuasive and that do not influence my decision. So that's what I'm a little unclear about when you say she ignored this. Well, there's a line between ignoring something and we look for evidence that something has been ignored and simply not finding it persuasive. Could you just tell me why it falls on one side of the line and not the other? So I think you're correct, your honor, that you can't necessarily assume that she ignored it because what's not said is not said. Right. But that goes, cuts both ways. Because you can't, you also can't necessarily assume that she did consider it. And because again, it's not magic. Actually, I thought our case law says that, that we assume they considered it. I thought what we do is, and we do get this in sentencing transcripts, where the judge says, I decline to consider X. I do not think it is a purposeful factor or something like that. And that's what we look for is evidence that a judge has not considered something. Right. I mean, if the judge says, as they often do, a careful judge will say at the beginning, so I have the following six submissions from the parties, right? A, B, C, D, counsel, have I listed everything? Everyone says, yes, yes, those are all the things, your honor. Very good. I suppose if there was a seventh submission that the judge did not itemize, then we could infer from the record that because the judge gave a detailed catalog of everything she considered, that by definition, the seventh thing that was properly submitted had not been considered. But it's a little different here, isn't it? Well, actually, in fairness to your honor, she does actually say, so I forgot this for a moment. She does actually say, and to your point. So she's acknowledging, she's acknowledging the defendant's COVID argument. And she's saying, which is why I think abuse of discretion controls. And then she's saying, but, and then she's coming up with a sua sponte rationale that wasn't raised by the government, which is COVID cuts the other way, COVID is dangerous. And what I'm saying here, your honor, is it becomes clear that although she is certainly discussing it in the context of the, of the danger to the community, she's allowing outside factors that he couldn't have participated in to drive that decision. And that's where it's like, if he was in, in the community at the time, if this was a more recent offense, different story. But based upon the facts of this case, it couldn't have, it couldn't have been, he couldn't have participated in that rise of drug, of gang, excuse me, of gun violence, which is what the court was making clear was her rationale for why the danger of the community argument was so strong. So I think unless there are other questions right now, you've reserved three minutes for rebuttal. So we'll hear back from you shortly. And we have for the government. Thank you. Please. May it please the court. My name is Matthew Hellman. I'm an assistant United States attorney for the Southern District of New York. I represent the United States in this appeal, as I did in the proceedings in the district court. And respectfully, the judgment of revocation should be affirmed. Judge Preska did not abuse her ample discretion in sentencing Dantzler, a recidivist violent offender, to a two-year term of imprisonment for once again being arrested in the streets with a loaded gun. I want to focus briefly on Judge Preska's full statement, because the focus on COVID has, of course, been on the streets. And I think that commentary about COVID is bracketed, is absolutely essential, and has not been fully discussed by counsel. What Judge Preska said was the second factor driving her analysis. The second factor is really the danger to the community here, period. We know what has happened in recent times, and to your point, counsel, during COVID times, the proliferation of firearms on the street has really hurt our community. And accordingly, in my view, that really needs to be taken into account. It is plain from any reading of Judge Preska's comments that danger to the community was animating the second factor she was considering, that is, of course, a permissible factor under 3553A. And as illustrating the court's point, a common-sense proposition that illegal guns in the streets are dangerous, the then-current proliferation of firearms was, in the judge's view, illustrative of the problem that illegal firearms pose, which was relevant in sentencing a recidivist offender like Dantzler, both specifically because of the danger to the community argument and for the deterrence value that was required at that time. Under any standard, frankly, procedural reasonableness, substantive reasonableness, or even abuse of discretion, which the government does not believe applies here, the judge's reasoning was sound, was based on permissible factors, and the judgment of revocation should be affirmed. I'm prepared to answer any of the court's questions, but the government otherwise is prepared to rest on its written submission. No, thank you very much. Thank you, Your Honors. Mr. Bachrach, you have three minutes, all yours. I guess your Honors will determine whether I actually need the three minutes. I would simply say this. It is plain, about one thing, that the defendant's decision to revoke a firearm during the COVID pandemic is what influenced and drove the judge's decision when it came to whether or not there was a danger to the community. And again, as I've stated before, and I don't want to be repetitive, but the point is, under the facts of this case, relying upon that rise of crime during a time when the defendant could not in any way have participated in that was improper and impermissible, and it's that flaw that created the flaw in the procedural reason of the sentence. With respect to substantive reasonableness, I think I made this clear in the briefs, and if I didn't, I'll make it clear now. The only reason substantive reasonableness is raised is because under United States Free Park, specifically, if there is a factor relied upon that is impermissible, then it's both a procedural and substantive error. Absent that particular error, there would be no substantive evidence claim. So it's not about six months. It's about six months because of X. So it's not only because of United States Free Park is the argument raised under both factors, but when you boil it down, it's really a procedural reasonableness. Good. Thank you very much. Thank you very much to both counsel. We will take the case under advisement.